# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., a New York corporation,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>SILVER STATE FINANCIAL SERVICES,  )<br>INC., d/b/a SILVER STATE MORTGAGE, a  )<br>Nevada corporation,  )<br>)<br>Defendant.  ) | Case No. 4:07-cv-01533-JCH |

## [PROPOSED] ORDER & JUDGMENT

Plaintiff, CitiMortgage, Inc. ("CMI") moved for default judgment pursuant to Fed. R. Civ. P. 55(b) against Silver State Financial Services, Inc., d/b/a Silver State Mortgage ("Silver State").

The Court finds the following:

1. CMI filed this lawsuit on August 29, 2007. [Docket No. 1]. CMI served Silver State with the Summons, Complaint and the exhibits to the Complaint on September 6, 2007. CMI filed its affidavit of service on September 13, 2007. [Docket No. 4]. Silver State's deadline to file an answer or otherwise respond to the Complaint was September 26, 2007. Fed. R. Civ. P. 12(a)(1)(A). Silver State failed to answer CMI's Complaint or otherwise respond.


EXHIBIT 3

2.   On October 1, CMI filed its motion for entry of default pursuant to Fed. R. Civ. P. 55(a). [Docket No. 5]. On October 11, the Clerk entered Silver State's default. [Docket No. 7].

3.   Silver State has had a business relationship with CMI since 2003. Several related contracts govern the parties' relationship. CMI attached the relevant contracts to its Complaint and its Motion for Default Judgment.

4.   CMI supported its claims for damages under those agreements with the declaration of Wayne Flynn.

5.   All conditions precedent, concurrent or subsequent to CMI's rights and ability to bring this claim have taken place, have otherwise been met, have been waived or have otherwise been excused.

6.   In Section 2(g) of the CMI Agreements, Silver State agreed promptly to obtain and review the CMI Manual and to comply with all of its terms, conditions, requirements and procedures.

7.   In Section 10 of the CMI Agreements, Silver State agreed to "indemnify and hold CMI harmless from any and all claims, actions and costs, including reasonable attorneys' fees arising from (i) [Silver State's] performance or failure to perform under the terms, conditions or obligations of this Agreement or the CitiMortgage Manual (including but not limited to [Silver State's] failure to timely deliver all documents and records associated with or related to all Loans purchased . . . ."

8.   Section 11 of the CMI Agreements, provides, in relevant part:

If CMI, in its sole and exclusive discretion, determines any Loan purchased pursuant to this Agreement:

(i) was underwritten and/or originated in violation of any term, condition, requirement or procedure contained in this Agreement or the CMI Manual in effect as of the date CMI purchased such loan;

(ii) was underwritten and/or originated based upon materially inaccurate information or on material misrepresentation made by the borrower, [Silver State], [Silver State's] directors, officers, employees, agents, independent contractors and/or affiliates, or any other party providing information relating to said loan;

* * *

(v) was subject to an Early Payment Default (as defined in the trade confirmation), an early Payoff (as defined in the trade confirmation) or any other payment related defect (as defined in the trade confirmation) . . .

9. Paragraph 7 of the CMI Agreements provides CMI with the unilateral right to terminate the agreement, without notice, on the happening of any one of the following:

(1) the failure of [Silver State] to perform or abide by any term, condition, covenant, or obligation contained in this Agreement or the CMI Manual;

(2) the finding by CMI that any representation or warranty made by [Silver State] is false or incorrect in any material respect;

(3) CMI's determination that [Silver State's] actions contravene the terms and conditions of this Agreement . . .;

* * *

(5) the failure of loans sold by [Silver State] to CMI pursuant to this Agreement to satisfy CMI's expectations regarding loan quality and/or performance.

In the event of CMI's termination, CMI has no further obligations under the agreement, while Silver State "shall fully cooperate with and assist CMI in obtaining the documentation necessary to complete the processing and full resolution of all matters . . . relating to all Loans purchased by CMI."

- 3 -

10. Silver State owes CMI the Repurchase Price on 59 loans in the amount of $12,062,627.48, excluding interest.

11. Silver State sold twelve loans for which CMI is entitled to premium recapture fees. The CMI Agreements and their amendments, and/or the commitment letters related to the sale of these loans, require Silver State to reimburse CMI for all of those fees.

12. CMI invoiced Silver State for the premium recapture fees due as CMI became aware that Silver State owed those fees.

13. As of the date of the Complaint, Silver State owes CMI $44,928.64 in premium recapture fees that remain unpaid.

14. The amendments to the CMI Agreements – as well as the CMI Manual – provide that CMI may collect a pair-off fee for any loans that Silver State failed to deliver to CMI and may recover any tax penalties that CMI paid that were properly Silver State's obligation.

15. Section 305 of the CMI Manual provides that CMI is entitled to a $100 best-efforts pair-off fee for each loan that Silver State failed to deliver to CMI. Paragraph D of the Bulk Purchase Amendment to the 2004 Agreement further sets forth CMI's right to collect the pair-off fee for Silver State's non-delivery of a loan.

16. Silver State failed to deliver five loans that it had rate-locked and was required to deliver to CMI. As a result, CMI is entitled to a $100 pair-off fee for each loan. Silver State has not paid any of the pair-off fees it owes CMI.

- 4 -

17.     Accordingly, CMI has been damaged in the amount of $500 for pair-of fees Silver state owes.

18.     Additionally, Paragraph 3 of the CMI Agreements required Silver State to pay all costs and fees associated with its sale of loans to CMI.

19.     CMI paid a $295.17 tax penalty that was owed as a result of Silver State's failure to pay appropriate taxes. CMI billed Silver State for this amount, but Silver State has not paid CMI.

20.     Accordingly, CMI has been further damaged in the amount of $295.17.

21.     Silver State's breaches of the CMI Agreements with respect to the fees set forth above have resulted in the current amount due CMI of $12,108,351.29, excluding interest, attorneys' fees, costs and other expenses.

22.     Section 10 of the CMI Agreements provides that Silver State must pay CMI's costs and attorneys' fees that CMI incurred as a result of Silver State's failure to perform under the terms of the CMI Agreements.

23.     CMI retained Featherstone Petrie DeSisto LLP and Foley & Mansfield, PLLP as its attorneys in this lawsuit.

24.     Through December 31, 2007 CMI has incurred $9,595.50 in attorneys' fees and $397.99 in costs in connection with this lawsuit from the Featherstone firm. CMI will continue to incur attorneys' fees from both firms in connection with this lawsuit.

25.     The Court finds the attorneys' fees CMI has incurred to date are reasonable and CMI is entitled to recover those sums from Silver State.

26.     CMI has established that:

  (a) Venue is proper in this Court;

  (b) Silver State not an infant, an incompetent person, a government entity, or in the military services;

  (c) CMI is entitled to $12,108,351.29 plus interest in damages based on its sales of loans to CMI under the relevant contracts;

  (d) CMI is entitled to recover $397.99 in costs and $9,595.50 in attorneys' fees in connection with this matter; and

  (e) CMI seeks a total judgment in the amount of $12,118,344.78, plus interest.

After a review of the record, CMI's Motion and CMI's supporting declarations, this Court GRANTS CMI's motion and enters judgment in favor of CMI as follows:

  A. Repurchase funds in the amount of $12,062,627.48;

  B. CMI's premium recapture fees in the amount of $44,928.64;

  C. CMI's pair-off fees in the amount of $500;

  D. Silver State's tax penalty that CMI paid in the amount of $295.17;

  E. CMI's costs in the amount of $397.99 and attorneys' fees in the amount of $9,595.50;

  F. Prejudgment interest at the Missouri statutory rate of 9% per annum as provided in V.A.M.S. § 408.020;

  G. Post-judgment interest at the rate set forth under the provisions of 28 U.S.C. § 1961 running from the date of this Judgment.

IT IS SO ORDERED

DATED: _Jan. 28_, 2008.

_____
UNITED STATES DISTRICT JUDGE